NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-521

IN RE:  TRISTON ALEC LEJEUNE

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 81098-J
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

AFFIRMED.

**Burleigh G. Doga**
**Attorney at Law**
**P. O. Box 165**
**Crowley, LA  70527-0165**
**(337) 783-8843**
**Counsel for Plaintiff/Appellee:**
    **Laura B. Marx**

**Marty LeJeune**
**Louisiana State Penitentiary**
**Main Prison, Spruce 2**
**Angola, LA  70712**
**Counsel for Defendant/Appellant:**
    **Marty LeJeune, In Proper Person**

**PICKETT, J.**

## FACTS

Triston Alec LeJeune was born to Laura Marx LeJeune and Marty LeJeune on June 9, 1997. In June, 1999, Laura Marx filed a petition for divorce. On October 15, 1999, Marty LeJeune attempted to murder Laura Marx LeJeune's parents, Dr. Sandra Marx and Dr. Donald Marx. Triston was present when this offense occurred. On November 10, 1999, following a custody intake conference, Laura Marx was granted sole custody of Triston. A judgment of divorce was granted to Laura Marx on May 24, 2000. Marty LeJeune was incarcerated during these proceedings.

Subsequently, Marty LeJeune was convicted of the attempted first degree murder of Drs. Sandra and Donald Marx and sentenced to fifty years on each count. These sentences were ordered to be served consecutively, In an unpublished opinion rendered by this court, the convictions and sentences were affirmed. *State v. LeJeune,* 02-1401 (La.App. 3 Cir. 5/7/03), 846 So.2d 998, *writ denied*, 03-2043 (La. 1/16/04), 864 So.2d 626.

On November 14, 2003, Laura Marx filed a Petition for Change of Name wherein she sought to change her son's name from Triston Alec LeJeune to Triston Alec Marx. Marty LeJeune was served with a copy of the petition and, in response, filed an objection to the name change. A trial on the merits was held on February 25, 2004. Marty LeJeune was present at the hearing. The trial court rendered judgment in favor of Laura Marx on March 4, 2004, granting her request to change her son's name to Triston Alec Marx.

It is from this judgment Marty LeJeune appeals.

## DISCUSSION

In his sole assignment of error, Marty LeJeune argues that the trial court abused its discretion by applying too stringent a standard resulting in an order changing the name of his natural child under La.R.S. 13:4751(C)(2)(a).

Marty LeJeune argues that La.R.S. 13:4751 is not applicable to the instant case because he was not under court order to pay child support. He points out that Laura Marx did not want anything from him including letters, visits, communication or child support. In addition, he argues that the statute is not applicable because he did pay some support within the three-year time period.

Following the trial of this matter the trial court issued a ruling from the bench, stating as follows:

> Looking at the Statute 4751(C)[(2)(b)], I believe is what applies here, I think the Statute has been met because if one parent has been granted custody of the minor child by a court of competent jurisdiction, the consent of the other parent is not necessary if the other parent has been served with a copy of the petition and any of the following exists: It has been established by the record that you have been served with a copy of the petition, and you are here today defending yourself. You've objected to it. And it's been established that if any payment was made, the only payment that was made would have been December of 2000, which is greater than three years from today's date. It says, "The other parent has failed to support the child for a period of three years after judgment awarding custody to the parent signing the petition.[sic]

> So I am going to grant Petitioner's judgment for name change, based on those grounds.

Change of name is governed by La.R.S. 13:4751. That statute provides, in pertinent part:

A. The name of a person may be changed as provided in this Section.

. . . .

C. If the person desiring such change is a minor or if the parents or parent or the tutor of the minor desire to change the name of the minor:

(2) If one parent has been granted custody of the minor by a court of competent jurisdiction, the consent of the other parent is not necessary if the other parent has been served with a copy of the petition and *any of the following exists*:

. . . .

(b) The other parent has failed to support the child for a period of three years after judgment awarding custody to the parent signing the petition.

*Id.* (emphasis added).

A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. To reverse a factfinder's determination, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court. *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880 (La.1993). The trial court determined that if any payment to the custodial parent was made, it was only a single payment in December, 2000. The testimony at the hearing supports this finding and, therefore, the trial court did not err in reaching this determination.

Further, we find the trial court's application of La.R.S. 13:4751(C)(2)(b) was correct. Although the appellant argues, correctly, that he was under no obligation to pay child support under the language of the judgment wherein the appellee was granted custody of the minor child, La.R.S. 13:4751(C)(2)(b) contains no requirement that the non-custodial parent fail to support the minor following a court order of support. That statute simply provides that consent of the non-custodial parent is not necessary if "[t]he other parent has failed to support the child for a period of three years after judgment awarding custody to the parent signing the petition." The fact that a child support order was never entered in this matter is of no consequence.

We find no error in the trial court's grant of the appellee's petition requesting

3

a name change for the minor child pursuant to La.R.S. 13:4751(C)(2)(b). The trial court's judgment is affirmed in all respects. Costs are assigned to the appellant.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rules 2-16.2 and 2-16.3, Uniform Rules, Court of Appeal.

4